**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Crim. No. 01-CR-80771

NATHAN E. JACOBS,

    Defendant.
                                         /

**OPINION AND ORDER CONSTRUING DEFENDANT'S "MOTION FOR THE GREAT WRIT 'WRIT OF MANDAMUS'" AND TWO UNTITLED SUBMISSIONS [DKT. ## 81 & 82] AS A MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE AND DENYING THE MOTION**

    Defendant Nathan Jacobs was sentenced to 252 months imprisonment after a jury found him guilty of one count of felon in possession of a firearm. Plaintiff filed a timely appeal, which was dismissed on February 2, 2004 for lack of prosecution. Four years later, Defendant filed a number of documents on the court's docket. The principal submission is Defendant's February 27, 2008 "Motion for the Great Writ 'Writ of Mandamus.'" Two other untitled documents relate to this motion and were filed as letters on the court's docket on February 12, 2008 and March 19, 2008. For the reasons stated below, the court will construe the three submissions, together, as a motion under 28 U.S.C. § 2255 and deny the motion.

    In Defendant's motion for mandamus, he insists, among other things, that he is innocent and entitled to the pursuit of happiness. (Def.'s 2/27/08 Mot. at 1.) He appears to ask the court to grant his motion, order his release and restore his civil rights. (*Id.* at 2.) Defendant submits a financial affidavit to demonstrate his indigency

and asks the court not to hold him to the standards of an attorney. (*Id.* at 3, Ex. A.) Defendant further requests that the court be disqualified from the matter. (*Id.* at 2.)

Although the title of this motion suggests that Defendant is asking the court for relief through a writ of mandamus, Defendant's March 19, 2008 motion attempts to "correct" this designation, claiming that he is asking for relief under "2241, 2255, 2254 ECTS . ." (Def.'s 3/19/08 Mot. at 1.) Having reviewed the substance of Defendant's motion for writ of mandamus, the court agrees that it is more properly raised as a motion under 28 U.S.C. § 2255, which allows a prisoner to "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Accordingly, the court will construe Defendant's "Motion for the Great Writ 'Writ of Mandamus,'" along with Defendant's two related submissions, as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

Motions brought under 28 U.S.C. § 2255 are subject to a one-year statute of limitations period. Except in circumstances not present here, the limitations period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. Because Defendant filed a timely notice of appeal, Defendant's conviction became final after the Sixth Circuit dismissed his appeal on February 2, 2004. Defendant did not file his § 2255 motion until more than four years later. His untimely motion is therefore barred by the applicable one-year statute of limitations. Defendant appears to recognize this defect and, in his February 12, 2008, filing, he

2

mentions an "urgent need to toll time for answering my 'writ of mandamus,'" and requests that the court not hold him to the standards of an attorney. (Def.'s 2/12/08 Mot. at 1.) Defendant appears to ask the court to consider his motion timely by tolling the period between his appeal and the filing of his motion. Defendant has not, however, provided any basis for tolling, and the court finds none. Although the court acknowledges that Defendant is not a trained attorney, this fact alone cannot excuse the fact that Defendant has missed the filing deadline by three years. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (stating that ignorance of the law does not excuse a litigant from his obligation to promptly file pleadings).

Even if Defendant's motion was timely, however, it would still fail on the merits because motions brought under § 2255 must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). Nothing in Defendant's motion even comes close to meeting this burden. Accordingly,

IT IS ORDERED that Defendant's "Motion for the Great Writ 'Writ of Mandamus'" [Dkt. # 83] and two untitled motions, docketed as letters, [Dkt. ## 81 & 82] are, together, CONSTRUED as a motion to vacate sentence under 28 U.S.C. § 2255 and are DENIED.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: April 25, 2008

I hereby certify that a copy of the foregoing document was mailed to Nathan Jacobs and counsel of record on this date, April 25, 2008, by electronic and/or ordinary mail.

                                         s/Lisa G. Wagner
                                         Case Manager and Deputy Clerk
                                         (313) 234-5522