**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                          Case No. 01-CR-80771

NATHAN JACOBS,

    Defendant.
                                         /

**OPINION AND ORDER DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Before the court is a determination as to whether Defendant Nathan Jacobs' should be issued a certificate of appealability. For the reasons set forth below, the court will not issue a certificate of appealability.

**I. BACKGROUND**

Defendant was sentenced to 252 months imprisonment after a jury found him guilty of one count of felon in possession of a firearm. He filed a timely appeal, which was dismissed on February 2, 2004 for lack of prosecution. Four years later, Defendant filed a number of documents on the court's docket. The principal submission is Defendant's February 27, 2008 "Motion for the Great Writ 'Writ of Mandamus.'" Two other untitled documents related to this motion were filed as letters on the court's docket on February 12, 2008 and March 19, 2008. The court construed the three submissions, together, as one motion under 28 U.S.C. § 2255.

In Defendant's motion, he insisted, among other things, that he is innocent and entitled to the pursuit of happiness. (Def.'s 2/27/08 Mot. at 1.) He appeared to ask the

court to grant his motion, order his release and restore his civil rights. (*Id.* at 2.) Defendant submitted a financial affidavit to demonstrate his indigency and asked the court not to hold him to the standards of an attorney. (*Id.* at 3, Ex. A.) Defendant further requested that the court be disqualified from the matter. (*Id.* at 2.)

Pursuant to § 2255, the court found that Defendant did not meet the one-year statute of limitations, nor did he demonstrate a miscarriage of justice. On April 25, 2008, the court denied Defendant's motion, and he appealed this ruling. The court must now determine whether Defendant should be granted a certificate of appealability. For the reasons set forth below, the court will not issue the certificate.

## II.  STANDARD

"If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue." Fed. R. App. P. 22(b)(1). This court, having rendered the judgment, is guided by 28 U.S.C. § 2253(c)(2), which directs the reviewing judge to determine if "the applicant has made a substantial showing of the denial of a constitutional right." To demonstrate this denial, the applicant must show "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

## III. DISCUSSION

### A. "Extraordinary Jurisdiction Issue"

Defendant seeks a certificate of appealability on the basis of an "extraordinary jurisdiction issue." (Def.'s 5/5/08 Notice of Appeal at 1.) Though Defendant does not define the phrase, the court interprets it as either (or both) his previously raised request for a writ of mandamus or his prior claim for recusal of this court under 28 U.S.C. § 455 and 28 U.S.C. § 144. (*Id.*)

Turning first to Defendant's previous mandamus request, the court notes Defendant was denied a motion to vacate his sentence, not a motion for writ of mandamus. Although the title of Defendant's principal submission suggests he requested relief through a writ of mandamus, Defendant's March 19, 2008 motion attempted to "correct" this designation, claiming that he was asking for relief under statutory sections, "2241, 2255, 2254." (Def.'s 3/19/08 Mot. at 1.) After reviewing Defendant's motion for a writ of mandamus, the court agreed that it was more properly raised as a motion under 28 U.S.C. § 2255.

Motions brought under 28 U.S.C. § 2255 are subject to a one-year statute of limitations period. Except in circumstances not present here, the limitations period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255. Defendant did not file his § 2255 motion until more than four years after his conviction became final. His untimely motion was therefore barred by the applicable one-year statute of limitations.

Defendant also seems to assert that an "extraordinary jurisdiction issue" exists because this court did not disqualify itself in prior proceedings. A judge must disqualify

himself in a proceeding if personal bias or prejudice is present concerning a party. 28 U.S.C. § 455. A defendant who claims prejudice by the judge before whom his matter is pending must make and file a timely and sufficient affidavit attesting to such bias or prejudice. 28 U.S.C. § 144. As discussed, Defendant's original motion was not timely because it was filed three years after the statute of limitations expired. Even assuming a timely motion, Defendant did not include, either then or now, a sufficient affidavit attesting to any judicial prejudice. Defendant only mentioned the court held him to the same standards as an attorney and did not allow him to prove his innocence. (Def.'s 2/27/08 Mot. at 1.) These reasons are not sufficient for recusal. Therefore, Defendant's appeal on the basis of judicial bias or prejudice must fail.

### B. "Counselor Guarantee"

Defendant also seeks a certificate of appealability on the basis of an apparent denial of his constitutional right to counsel during trial under 28 U.S.C. §144, claiming a "counselur [sic] guarantee." (Def.'s 5/5/08 Notice of Appeal at 1.) A criminal defendant is constitutionally entitled to the assistance of counsel for his defense in all prosecutions. U.S. Const. amend. VI. Defendant was afforded and exercised his right during trial. Defendant was initially represented by appointed counsel, Richard J. O'Neill. (06/27/02 Order at 1.) Mr. O'Neill was then substituted by Edward C. Wishnow. (*Ia.*) Due to scheduling conflicts, the court granted Mr. Wishnow's motion to withdraw as counsel and replaced him with Timothy P. Murphy. (07/23/02 Order at 1.) Mr. Murphy represented Defendant throughout trial and sentencing. (01/21/03 J. at 1.)

There is no constitutional right to appointed counsel in habeas proceedings. *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Appointment of counsel is within

4

the discretion of the court in habeas cases.  *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986).  The court has discretion to appoint habeas counsel in exceptional circumstances.  *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004).  Exceptional circumstances include instances where a prisoner appears *pro se* and presents a "colorable" claim, but can not adequately prepare and present the claim.  *Id*.  Here, though, Defendant demonstrates no exceptional circumstances, because he has neither shown an unusual need for appointed counsel, nor does he present a "colorable" claim.  Defendant's constitutional right to counsel was protected at trial, and no reasonable juror would find Defendant was denied his right to counsel in his habeas proceeding.  *Slack*, 529 U.S. at 484.

### C.  "Due Process of a 'Mandamus'"

Finally, Defendant seeks a certificate of appealability to achieve what he believes was a denial of due process, stating as grounds for appeal "due process of a 'mandamus.'"  (Def.'s 5/5/08 Notice of Appeal at 1.)   In Defendant's February 12, 2008 filing, he mentioned an "urgent need to toll time for answering my 'writ of mandamus.'"  Defendant appeared to ask the court to consider his motion timely by tolling the period between his appeal and the filing of his motion.  Generally, a Defendant seeking equitable tolling must prove he diligently pursued his rights, and show an "extraordinary circumstance" that prohibited his untimely petition.  *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Defendant has made neither showing.  Defendant only requested that the court not hold him to the standards of an attorney.  (Def.'s 2/12/08 Mot. at 1.)  He did not submit evidence, nor does the record demonstrate, a diligent pursuit of his rights or an extraordinary circumstance.  Although the court acknowledges Defendant is not a

5

trained attorney, this fact alone cannot excuse the fact that Defendant missed the filing deadline by three years. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (stating ignorance of the law does not excuse a litigant from his obligation to promptly file pleadings).

Even if Defendant's motion was timely, it fails on the merits because motions brought under § 2255 must demonstrate a miscarriage of justice. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)). Nothing in Defendant's motion meets this burden. Further, Defendant fails to show a denial of his constitutional rights for purposes of granting a certificate of appealability under §2253(c)(2). Defendant has done no more than restate, as a basis for appeal, the very reasons the court denied in his initial petition. As such, reasonable jurists could not find the court's assessment of Defendant's claim debatable or wrong. *Slack*, 529 U.S. at 484.

### IV.  CONCLUSION

IT IS ORDERED that the court DECLINES to issue Defendant a certificate of appealability.

    S/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated:  September 22, 2008


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 22, 2008, by electronic and/or ordinary mail.

    S/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522